PATRICIA RODRIGUEZ, ESQ. Bar No. 270639
RODRIGUEZ LAW GROUP, INC.
1961 W. Huntington Drive, Suite 201
Alhambra, California 91801
Telephone: 626-888-5206
Fax: 626-282-0522

Attorneys for Plaintiff,
Arden J. Kirkpatrick and Bonnie L. Kirkpatrick

# UNITED STATE DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ARDEN J. KIRKPATRICK, an individual<br>BONNIE L. KIRKPATRICK, an individual<br><br>              Plaintiff,<br>   v.<br><br>WORLD SAVINGS BANK, FSB; WELLS FARGO BANK, N.A.; GOLDEN WEST SAVING ASSOCIATION SERVICE CO.; CAL-WESTERN RECONVEYANCE CORP; and Does 1-20 inclusive,<br><br>              Defendants.<br>_____ | Case No.: 8:13-cv-01964-JLS-DFM<br><br>[Assigned to the Hon. Josephine L. Staton]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>Date: February 14, 2014<br>Time: 2:30 p.m.<br>Courtroom: 10A |

1

**PLAINTIFFS' OPPOSITION TO DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

**TABLE OF CONTENTS**

I.   INTRODUCTION ………………………………………………………………............ 2

II.  FACTUAL BACKGROUND …………………………………………………………... 2

III. STANDARD OF REVIEW……………………………………………………………... 2

IV. LEGAL ARGUMENTS………………………………………………………………... 4

    A. <u>PLAINTIFFS' STATE LAW AND ORIGINATION-BASED CLAIMS ARE NOT PREEMPTED BY FEDERAL STATUTE</u> ………………………………….. 4

        i.   Defendant has failed its burden of persuasion regarding preemption and state law applies to these causes of action ……………………………... 4

    B. <u>PLAINTIFF HAS PROPERLY STATED A CLAIM FOR WRONGFUL FORECLOSURE</u> ………………………………………………………………....... 5

        i.   Securitization Is A Valid Basis For A Claim…………………………..... 6

    C. <u>PLAINTIFF HAS PROPERLY STATED A CLAIM FOR VIOLATION OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING</u>…………….... 7

    D. <u>PLAINTIFFS' TILA CLAIMS ARE PLEAD SUFFICIENTLY</u>…………………..8

    E. <u>PLAINTIFFS HAVE PROPERLY STATED A OF ACTION FOR UNFAIR BUSINESS PRACTICES SUFFICIENT TO SUPPORT RELIEF</u> …………………9

V.  LEAVE TO AMEND SHOULD BE GRANTED ……………………………………… 11

VI. CONCLUSION……………………………………………………………………........ 11

# TABLE OF AUTHORITIES

**CASES**                                                                                                     **PAGE(s)**

*Austin v. Terhune*
(2004) 367 F.3d 1167, 1171……………………………………………………………………….3

*Bank of the West v. Superior Court*
(1992) 2 Cal.4th 1254, 1267……………………………………………………………………… 10

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
supra, 20 Cal.4th at pp. 184-187 and at p. 198……………………………………………………..9

*Chace v. Morse*,
189 Mass. 559, 561 (1905). ……………………………………………………………………… 6

Culhane v. Aurora Loan Services of Nebraska,
supra, 708 F.3d at p. 290…………………………………………………………………… ….5

*Daugherty v. American Honda Motor Co., Inc.*
(2006) 144 Cal.App.4th 824, 837………………………………………………………….. ….9

*Elsworth v. Beech Aircraft Corp.*
(1984) 37 Cal.3d 540, 548 and cases there cited………………………………………….....…… 4

*Freeman & Mills, Inc. v. Belcher Oil Co.*
(1995) 11 Cal.4th 85.......................................................................................................................... 6

*Fontana v. Haskin*
(2001) 262 F.3d 871, 977)……………………………………………………………………..….3

Glaski v. WELLS FARGO BANK, N.A., et al,
218 Cal.App.4th 1079, 160 Cal.Rptr.3d 449…………………………………………………… 5

*Gregory v. Albertson's, Inc.*
(2002) 104 Cal.App.4th 845, 857 ……………………………………………………...……….9

*Mabry v. Superior Court* (Aurora Loan Services)
(2010) 185 C.A.4th 208, 225……………………………………………………………………….. 7

*McClellan v. Chipman*
(1896) 164 U.S. 347, 357 [41 L.Ed. 461, 465, 17 S.Ct. 85]…………………………………… . 5

*McConnell v. Frank Howard Allen & Co.*,
574 F.Supp. 781, 783-784 (D.C.Cal.,1983)…………………………………………………….... 3

*McKell v. Washington Mutual, Inc.*
(2006) 142 Cal.App.4th 1457........................................................................................................ 9

*National Bank v. Commonwealth*
(1870) 76 U.S. 353, 362………………………………………………………………………..4

National State Bank, Elizabeth, N.J. v Long
 630 F.2d 981……………………………………………………………………………… ..4

*Pac. Gas & Electric v. St. Energy Resources Conserv.*
(1983) 461 U.S. 190, 203-204;…………………………………………………………..… 4

*Perdue v. Crocker National Bank* (1985) 38 Cal.3d 913, 933 ………………………………….. 4, 5

*Pond v. General Electric Co.*,
256 F.2d 824, 826-27 (9th Cir. 1958)……………………………………………………………….2

*Saunders v. Superior Court*
(1994) 27 Cal.App.4th 832, 839 ……………………………………… ..……………………….9, 10

*Schnall v. Hertz Corp.* (2000)
78 Cal.App.4th 1144, 1167……………………………………………………………….…… 9

*State Farm Fire & Casualty Co. v. Superior Court*
 (1996) 45 Cal.App.4th 1093.................................................................................................. 8

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*
 (1998) 17 Cal.4th 553............................................................................................................ 8, 9

*Swierkiewicz v. Sorema N.A.*
 (2002) 534 U.S. 506, 512 ……………………………..…………………………………….. ..3

*Scheuer v. Rhodes*
(1974) 416 U.S. 232, 236…………………………………………………………………….3

*U.S. Bank National Association v. Ibanez*,
458 Mass 637 (2011)……………………………………………………………………….. 5

*Williams v. Gorton*,
529 F.2d 668 (C.A.Wash. 1976)……………………………………………………………….2

*Williams v. Resolution GGF OY,*
417 Mass. 377, 382-83 (1994)…………………………………………………………… 6

*Wilner v. Sunset Life Ins. Co.*
(2000) 78 Cal.App.4th 952, 965……………………………………………………………..9

*Wyatt v. Union Mortgage Co.*
24 Cal.3d 773, 783………………………………………………………………………… …..6

**STATUTES**

Business and Professions Code § 17200…………………………………………….........8, 10

California Civil Code §2923.5…………………………………………………………….6

12 C.F.R. §560.2(c),……………………………………………………………………... 3

12 U.S.C. 1462a(f)……………………………….3……………………………..………3

15 U.S.C. § 1640(a)……………………………………………………………………………..8

15 U.S.C. § 1641(g)……………………………………………………………………………8

**OTHER SOURCES**

Miller & Starr, California Real Estate 3d., *Lenders' Liability* §36:17, pp. 24-25…………..... . 6

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I. INTRODUCTION

On May 10, 2007, Plaintiff executed a negotiable promissory note and a security interest in the form of a Deed of Trust on the real property located at 227 Rose Lane, Costa Mesa, California 92627 (the subject property). The negotiable promissory note and a security interest was executed in favor of World Savings Bank, FSB, who was denominated the "lender" in the subject deed and Golden West Savings Association Service Co., a California Corporation was denominated in the subject deed as the "trustee" in the subject deed. This document was filed as document number 200700315764 in the Official Records, County of Los Angeles, California.

### II. FACTUAL BACKGROUND

When the loan closed, World Savings, FSB ("World Savings"), a California corporation, was the servicer of the loan. In or about October 2006, Wachovia Corporation acquired World Savings, FSB. In or about October 2008, Wells Fargo Bank, N.A. acquired Wachovia Corporation.

Plaintiffs' Note in the matter before the court was allegedly transferred/sold to a Wells Fargo Mortgage Backed Securities Trust as a mortgage backed security. The Certificates were issued pursuant to a Pooling and Servicing Agreement with Wells Fargo Bank being a party to the trust agreement. The Trustee for the securitized trust that purports to contain the Plaintiffs' loan is unknown, however, Defendant Wells Fargo Bank, N.A. is the purported servicer of the Plaintiffs' loan as well.

Plaintiffs' Note and the Deed of Trust have taken two distinctly different paths. The promissory note was attempted to be securitized into a Wells Fargo Mortgage Backed Securities Trust with an unknown third party as trustee, while there seems to be no assignments of the underlying Deed of Trust, as required per the guidelines of the Trust Agreements or the PSA.

Additionally, the Plaintiff's loan was originally made in favor of World Savings, FSB and was sold and transferred to Wells Fargo Bank N.A. There is no record of assignment to either the sponsor or depositor as required by the pooling and servicing agreement and to date, there are no assignments of the Deed of Trust on records with the Orange County Recorder's Office.

### III. STANDARD OF REVIEW

Ordinarily a motion to dismiss should be disfavored, and doubts should be resolved in favor of the pleader. *Williams v. Gorton*, 529 F.2d 668 (C.A.Wash. 1976) (citing *Pond v. General Electric Co.*, 256 F.2d 824, 826-27 (9th Cir. 1958); See Wright & Miller, Federal Practice and Procedure: Civil s 1245 (1969).

Discovery and summary judgment motions, not motions to dismiss, "define disputed facts" and "dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.* (2002) 534 U.S. 506, 512. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Jackson v. Carey* (2003) 353 F.3d 750, 755 (*quoting Scheuer v. Rhodes* (1974) 416 U.S. 232, 236); see also *Austin v. Terhune* (2004) 367 F.3d 1167, 1171 (" 'Pleadings need suffice only to put the opposing party on notice of the claim ....' " (*quoting Fontana v. Haskin* (2001) 262 F.3d 871, 977).

In considering a motion to dismiss for lack of subject-matter jurisdiction, the trial court may consider matters outside the pleadings and resolve disputed issues of fact. When alleged jurisdictional basis is intertwined with element of federal cause of action, trial court should not determine merits of cause of action in considering motion to dismiss for lack of subject-matter jurisdiction under guise of determining jurisdictional facts but rather should assume jurisdiction and determine the merits unless alleged claim under Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous. *McConnell v. Frank Howard Allen & Co.*, 574 F.Supp. 781, 783-784 (D.C.Cal.,1983).

## IV. LEGAL ARGUMENTS

### A. PLAINTIFFS' STATE LAW AND ORIGINATION-BASED CLAIMS ARE NOT PREEMPTED BY FEDERAL STATUTE

Despite Defendants contention that federal law preempts our causes of action, 12 C.F.R. §560.2(c), specifically states the laws HOLA does not preempt, "State laws of the following types are not preempted to the extent that they only incidentally affect the lending operations of Federal Savings Associations or are otherwise consistent with the purposes of paragraph (a) of this section:

(1) Contract and commercial law; (2) Real property law; (3) Homestead laws specified in 12 U.S.C. 1462a(f); (4) Tort law; (5) Criminal law; and (6) Any other law that OTS, upon review, finds: 9i) Furthers a vital state interest; and (ii) Either has only an incidental effect on lending operations or is not otherwise contrary to the purposes expressed in paragraph (a) of this section."

12 C.F.R. §560.2(c).

Plaintiff only alleges facts relating to laws which are specifically not inconsistent with federal law, per statute, namely facts and laws relating (1) Defendants' involvement in enforcement of a void and unenforceable contract, (2) Defendants' involvement in tortuous conduct in that it ratified predatory lending practices contrary to the California Codes and facilitating fraud, and (3) Defendant's attempts at enforcing rights to collect a debt that was void and unenforceable. In addition, "No Federal statute considers whether provisions in contracts between banks and their customers may exact unreasonable or unconscionable fees." Perdue v. Crocker National Bank (1985) 38 Cal. 3d 913, 933. Defendant's preemption argument, consequently, is essentially an argument that even though the federal government has largely declined to regulate this area, Congress has nevertheless decided to preclude state regulation.

### 1. Defendant has failed its burden of persuasion regarding preemption and state law applies to these causes of action

If Congress has not entirely displaced state regulation over the matter in question, state law is still preempted to the extent where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress. Defendants bear the burden of persuasion on this issue; "courts are reluctant to infer preemption , and it is the burden of the party claiming

4

**PLAINTIFFS' OPPOSITION TO DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Congress intended to preempt state law to prove it." Perdue v. Crocker National Bank (1985) 38 Cal. 3d 913, 936-7, citing 464 U.S. at p.248; accord, Pac. Gas & Electric v. St. Energy Resources Conserv. (1983) 461 U.S. 190, 203-204; Elsworth v. Beech Aircraft Corp. (1984) 37 Cal. 3d 540, 548 and cases there cited.

While nationally chartered banks are subject to the paramount authority of the United States, Congress has declined to provide an entire system of federal law to govern every aspect of national bank operations. Consequently, national banks have traditionally been "governed in their daily course of business far more by the laws of the State than of the Nation. All their contracts are governed and construed by State laws." Perdue v. Crocker National Bank (1985) 38 Cal. 3d 913, 937, citing National Bank v. Commonwealth (1870) 76 U.S. 353, 362

As explained in National State Bank, Elizabeth, N.J. v Long 630 F.2d 981, "whatever may be the history of federal-state relations in other fields, regulation of banking has been one of dual control since the passage of the first National Bank Act in 1863… In only a few instances has Congress explicitly preempted state regulation of national banks. More commonly, it has been left

to the courts to delineate the proper boundaries of federal and state supervision. [¶] The judicial test has been a tolerant one. [National banks'] right to contracts, collect debts, and acquire and transfer property are all based on state law." Thus the rule is that they expressly conflict with the laws of the United States or frustrate the purpose for which the national banks were created, or impair their efficiency to discharge [their] duties…"
(McClellan v. Chipman (1986) 164 U.S. 347, 357 [41 L.Ed. 461, 465, 17 S. Ct. 85].) Perdue v. Crocker National Bank (1985) 38 Cal. 3d 913, 938.

In the case at bar, Plaintiffs contract claims are not preempted by Federal Statue and as such, Defendants' Motion to this cause of action should be overruled.

**B.** **<u>PLAINTIFF HAS PROPERLY STATED A CLAIM FOR WRONGFUL FORECLOSURE</u>**

Defendants erroneously argue Plaintiff in this case has not pleaded a cause of action for Wrongful Foreclosure. In a recent California Court of Appeal Case, in the Fifth District of California, the Appellate Court held that a borrower may challenge the securitized trust's chain of ownership by alleging the attempts to transfer the deed of trust to the securitized trust occurred after the trust's closing date. The Glaski Court specifically noted "We reject the view that a

5

**PLAINTIFFS' OPPOSITION TO DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

borrower's challenge to an assignment must fail once it is determined that the borrower was not a party to, or third party beneficiary of, the assignment agreement." Cases adopting that position "paint with too broad a brush." (Culhane v. Aurora Loan Services of Nebraska, supra, 708 F.3d at p. 290.) Instead, courts should proceed to the question whether the assignment was void. Glaski v. WELLS FARGO BANK, N.A., et al, 218 Cal.App.4th 1079, 160 Cal.Rptr.3d 449

Furthermore, paying money to the entity that does not hold a beneficial interest is certainly an injury in fact as to the Plaintiffs, namely injured through losing monies by paying an entity which holds no interest in Plaintiffs Note. Wrongful foreclosure is both unlawful and unfair. Glaski supports this by stating, "Based on the foregoing, we conclude that Glaski's fourth cause of action has stated a claim for wrongful foreclosure."

(i) **Securitization Is A Valid Basis For A Claim.**

In the case of *U.S. Bank National Association v. Ibanez*, 458 Mass 637 (2011); oral arguments. That court understood "the substantial power that the statutory scheme affords to a mortgage holder to foreclose without immediate judicial oversight" and as a result stated that a party seeking to foreclose must "strictly" follow guidelines. *Id.* at 646. In the event of noncompliance, the sale would be "wholly void." *Id.* Also, the court stated that not only must the mortgage holder act in "strict compliance with its power of sale, but must also 'act in good faith and…use reasonable diligence to protect the interests of the mortgagor.'" *Id*. quoting *Williams v. Resolution GGF OY,* 417 Mass. 377, 382-83 (1994).

In the event that a foreclosing entity does not have the "'jurisdiction and authority' to carry out a foreclosure… [the foreclosure] is void." *Id.* at 647, quoting *Chace v. Morse,* 189 Mass. 559, 561 (1905). With that legal principle in mind, the court turned to the issue in that case, which parallels the issue in the instant action, where the homeowners in *Ibanez* were arguing that their home was being foreclosed by an entity who did not in fact own a valid interest in their home. *Id*. That court determined that the foreclosing entity had not provided the proper evidence to show valid assignments of the homeowner's property. *Id.* at 649. The only evidence of an assignment was for intent, not an actual assignment therefore the foreclosing entity was unable to properly foreclose on the property. *Id.* at 649, 656.

Plaintiffs are not attempting to create new statements of law, but they are merely stating what would seemingly be a basic principle of mortgage law, that the foreclosing entity should have properly obtained its interest in the property prior to foreclosing on the property. Plaintiffs

6

**PLAINTIFFS' OPPOSITION TO DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

submit that the named Defendants here have not obtained their interest in the Home as indicated by the Servicing and Pooling Agreement. Therefore, Defendants may not properly foreclose on the Home if they did not lawfully obtain that interest. Accordingly, Defendants' Motion to Dismiss Plaintiffs' Wrongful Foreclosure claim should be overruled in its entirety.

### C. PLAINTIFF HAS PROPERLY STATED A CLAIM FOR VIOLATION OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

"An intentional breach of contract may be found to be tortuous when the breaching party exhibits an extreme disregard for the contractual rights of the other party, either knowingly harming the vital interests of a promisee as to create substantial mental distress or personal hardship, or else employing coercion or dishonesty to cause the promisee to forego its contractual rights." *Freeman & Mills, Inc. v. Belcher Oil Co.* (1995) 11 Cal.4th 85, 113.

"Every contract includes an implied covenant of good faith and fair dealing that neither party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the fruits and benefits of their agreement. A party who has discretionary authority has a duty to exercise that discretion in good faith and within the standards of fair dealing. This covenant is included within any loan agreement between a lender and a borrower (Citing to *Wyatt v. Union Mortgage Co.* 24 Cal.3d 773, 783)." Miller & Starr, California Real Estate 3d., *Lenders' Liability* §36:17, pp. 24-25.

Additionally, in a recently decided California Appellate court case regarding the duties imposed on lenders and servicers of loans in this State, the court held that California Civil Code §2923.5, creates a "substantive obligation . . . on lenders (and by extension, servicers acting on behalf of a lender) . . . to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." *Mabry v. Superior Court* (Aurora Loan Services) (2010) 185 C.A.4th 221. The court further held that a borrower has "a right to be contacted to 'assess and explore' alternatives to foreclosure prior to a notice of default." *Mabry,* supra, at 225. As with the Defendant in this case, many lenders and servicers view this statute as advisory only, a view which the court in *Mabry* discredited, and have complied with the requirements of the statute in only the most illusory and self-serving manner.

7

**PLAINTIFFS' OPPOSITION TO DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

In the instant matter, this case is a perfect illustration of the all too typical distain that lenders and servicers have for HAMP and the critical public policy goals that it seeks to support, by failing to assess the financial situation of the Plaintiff, and, in turn, failing to offer any real options to prevent foreclosure. Nowhere in the HAMP guidelines is there any room for interpretation where there is no negotiation in qualifying for the program. Yet, the Defendant had no qualms about failing this requirement as to the Plaintiffs here. Its sole purpose was clearly to allow Plaintiffs to default so foreclose proceedings may be initiated on the Plaintiffs' home. They have profited in this transaction from their own refusal to comply with the law by failing to in "good faith" explore options to "avoid" foreclosure, and not expedite it. Accordingly, Defendants' Motion to Dismiss Plaintiffs' Implied Covenant of Good Faith and Fair Dealing claim should be overruled in its entirety.

### D. PLAINTIFFS' TILA CLAIMS ARE PLEAD SUFFICIENTLY

Defendants seek dismissal of Plaintiff's claim arising under TILA on the grounds that as a trustee for a mortgage backed security, TILA does not apply to the Wells Fargo Bank N.A. However, Wells Fargo cannot both attain ownership of the Home, thereby claiming a beneficial interest in the note securing Plaintiffs' loan, while simultaneously claiming that it is not a creditor subject to TILA's provisions.

A 1641(g) claimant may recover actual damages, statutory damages, and attorneys' fees and that they appropriately pleaded all three types of damages. 15 U.S.C. § 1640(a) authorizes claims for actual damages, statutory damages, and attorneys fees for violations of 15 U.S.C. § 1641(g). *Russell v. Mortgage Solutions Mgmt., -Inc.,* No. CV 08–1092–PK, 2010 WL 3945117, at *6–*7 (D.Or. Apr.6, 2010) (acknowledging all three types of damages are authorized by § 1640 against original creditor's assignee).

In this case, Plaintiffs clearly and sufficiently alleges actual damages in their complaint. Had Plaintiffs been informed in a timely manner of the assignment of the Deed of Trust, they would have had ample time to seek different avenues to protect their real property interest. Wells Fargo violation of Section 131(g) of TILA and 15 U.S.C. Section 1641 subjects them to statutory damages, civil liability, penalties, attorneys' fees and actual damages pursuant to 15 U.S.C. Section 1640. The actual damages, as plead in the Complaint include, but are not limited to the

8

**PLAINTIFFS' OPPOSITION TO DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

over calculation and overpayment of interest on Plaintiff's loan and the substantial sum of money they had to pay in order to defend against a fraudulent foreclosure on their home.  Accordingly, Defendants' Motion to Dismiss Plaintiffs' TILA claim should be overruled in its entirety.

E.  **PLAINTIFFS HAVE PROPERLY STATED A OF ACTION FOR UNFAIR BUSINESS PRACTICES SUFFICIENT TO SUPPORT RELIEF**

As Business and Professions Code § 17200 provides, a Plaintiff must have proper standing to bring a claim for unfair and deceptive business practices. Plaintiffs here submit they had met this burden. In their Complaint, Plaintiffs state the processes that the Defendant used to perpetuate various fraudulent activities in connection with Plaintiffs mortgage note. It is precisely because of the Defendants' fraudulent business practices that the Plaintiffs suffered injuries in the form of losing money paying on the loan that was grossly misrepresented and the ruination of their credit and the forced legal action taken up in an effort to battle the unlawful foreclosure of their home.

Business and Professions code § 17200 is also known as the Unfair Competition Act (hereinafter "UCA"). The UCA defines "unfair competition" as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising ...." Bus. & Prof. Code, § 17200; *Stop Youth Addiction, Inc. v. Lucky Stores, Inc. (1998) 17 Cal.4th 553, 560*. The UCA works by "borrow[ing]" violations of other laws and treating those transgressions, when committed as a business activity, as unlawful business practices. *State Farm Fire & Casualty Co. v. Superior Court (1996) 45 Cal.App.4th 1093, 1103*. Such unlawful business practices are "independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." *Stop Youth Addiction, supra, at pp. 566-567.) Stevens v. Superior Court (API Ins. Services, Inc.) (1999) 75 Cal.App.4th 594*.

First, "[w]hether a complaint states a cause of action based on fraudulent business under Bus. & Prof. Code §17200, which is broadly construed, cannot be mechanically determined under the relatively rigid legal rules applicable to the sustaining or overruling of a demurrer, the determination is a question of fact, requiring the court to consider and weigh the evidence from both sides." (cite omitted). *McKell v. Washington Mut. Inc. (2006) 142 Cal.App.4th 1457, 1472*. Therefore, a cause of action alleging unfair business practices under Bus. & Prof. Code §17200

requires a review of the evidence and thus, cannot be made on demurrer.

"Whether a practice is deceptive or fraudulent "cannot be mechanistically determined under the relatively rigid legal rules applicable to the sustaining or overruling of a demurrer." *Schnall v. Hertz Corp. (2000) 78 Cal.App.4th 1144, 1167*. Rather, the determination is a question of fact, requiring consideration and weighing of evidence from both sides before it can be resolved. *Gregory v. Albertson's, Inc.* (2002) 104 Cal.App.4th 845, 857; *Schnall*, supra, at p. 1167. A business practice is unfair within the meaning of the UCL if it violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits. *Schnall v. Hertz Corp.*, supra, 78 Cal.App.4th at p. 1166; *Saunders v. Superior Court* (1994) 27 Cal.App.4th 832, 839; but see *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, supra, 20 Cal.4th at pp. 184-187 and at p. 198, dis. opn. of Kennard, J.. The determination whether a business practice is unfair "involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. Ihe court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim . . . [Citations.]" [Citation.]'" *Wilner v. Sunset Life Ins. Co.* (2000) 78 Cal.App.4th 952, 965. As with the determination whether a practice is fraudulent, the determination whether it is unfair is one of fact which requires a review of the evidence from both parties. *Schnall v. Hertz* Corp., supra, 78 Cal.App.4th at p. 1167 (emphasis added). It thus cannot usually be made on [motion to dismiss]. Ibid. (emphasis added); Saunders v. Superior Court, supra, 27 Cal.App.4th at p. 841.

Sufficient facts have been alleged generally, which is all that is required under this statute. Under § 17200, "there are three varieties of unfair competition: practices which are unlawful, unfair or fraudulent." *Daugherty v. American Honda Motor Co., Inc.* (2006) 144 Cal.App.4th 824, 837. The unlawful practices prohibited by the statute are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court made. *Saunders v. Superior Court* (1994) 27 Cal.App.4th 832, 838-39. It is not necessary that the predicate law provide for private civil enforcement. "Unfair," as used in the statute, simply means any practice whose harm to the victim outweighs its benefits. "Fraudulent," as used in the statute, does not refer to the common law tort of fraud but only requires a showing that members of the public are likely to be deceived. *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1267.

10

**PLANTIFFS' OPPOSITION TO DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Here, the Complaint alleges Defendants' business acts and practices, include, but are not limited to, executing and recording false and misleading documents and acting as beneficiaries and trustees without the legal authority to do so, and enforcing a void loan. In addition Plaintiff states that there were violations as to the Homeowners Bill of Rights/Senate Bill 900 which gives specific recommendations for all lenders and servicers as to the loan modification review process—deviation from such is unlawful. Thus, the Plaintiff has properly alleged with specificity that Defendant engaged in deceptive, unfair and fraudulent conduct under both the "unlawful" and "unfairness" prongs of B&P § 17200. Certainly the public has been deceived by recorded documents that were recorded without authority and in violation of various laws. As detailed in Plaintiffs Complaint, the conduct of Defendants is also unlawful, despite their protestations.

As a result, the Plaintiff in this matter has properly alleged with specificity that Defendants engaged in deceptive, unfair and fraudulent conduct under both the "unlawful" and "unfairness" prongs of B&P § 17200. Accordingly, Defendants' Motion to Dismiss Plaintiffs' B&P § 17200 claim should be overruled in its entirety.

**V.** <u>LEAVE TO AMEND SHOULD BE GRANTED</u>

If any claims are seen to be deficient, Plaintiff should be granted leave to amend. Plaintiff has further facts regarding Senate Bill 900 violations that would effect the Business and Professions Code violation and the wrongful foreclosure causes of action. These additional facts would include specific transmissions of information between Wells Fargo and the Plaintiffs and show the denial of a loan modification in bad faith and for an arbitrary reason which would not suffice under the HAMP Modification Program or the procedures of Senate Bill 900 and certainly not Business & Professions Code § 17200.

**VI.** <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests the Court to deny Defendant's motion to dismiss in its entirety and if any claim is deemed in sufficient for leave to amend to cure said deficiencies.

11

**PLAINTIFFS' OPPOSITION TO DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Dated: January 24, 2014          Respectfully Submitted,

                                 RODRIGUEZ LAW GROUP, INC.

                           By:   _____/s/ Patricia Rodriguez_____
                                 Patricia Rodriguez, Esq.
                                 Attorney for Plaintiff
                                 Arden J. Kirkpatrick and Bonnie L. Kirkpatrick

**PLANTIFFS' OPPOSITION TO DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Alhambra, California; my business address is Rodriguez Law Group, 1961 Huntington Drive, Suite 201, Alhambra, CA 91801.

On January 25 2014, I served a copy of the foregoing document entitled:

**PLAINTIFF'S OPPOSITION TO DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

on the interested parties in said case as follows:

| *Attorneys for Defendant* ***WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo")*** <br>Yaw-Jiun (Gene) Wu<br>David M. Newman<br>ANGLIN, FLEWELLING, RASMUSSEN,<br>CAMPBELL & TRYTTEN LLP<br>199 South Los Robles Avenue, Suite 600<br>Pasadena, California 91101-2459 | *Attorney for Defendant,* ***Cal-Western Reconveyance Corporation:***<br>Robin Prema Wright, Esq.<br>Yelena Cayton, Esq.<br>Wright, Finlay & Zak, LLP<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA 92660 |
|---|---|

[X] ECF SYSTEM

By filing the document(s) listed above on the Court's Electronic Case Filing System, I am informed and believe that the documents will be electronically served on all individuals registered with such system. For individuals not registered with the ECF filing system, I have placed the

13

**PLANTIFFS' OPPOSITION TO DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the U.S. Mail at Alhambra, California addressed as set forth below for delivery. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage fully paid in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Alhambra, California on January 24, 2014.

Dated: January 25, 2014.                            /s/ Charles Williams Jr._____
                                                    Charles Williams Jr.

**PLANTIFFS' OPPOSITION TO DEFENDANT WELLS FARGO BANK N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**